Filed 6/5/15  P. v. Cooper CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>STACEY EDWARD COOPER,<br><br>　　　Defendant and Appellant. | F068701<br><br>(Kern Super. Ct. No. RF6777A)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant/defendant Stacey Edward Cooper pleaded no contest to dissuading a victim/witness of a crime (Pen. Code, § 136.1, subd. (b)(1)),[1] and was sentenced to two

---

[*] Before Gomes, Acting P.J., Kane, J. and Poochigian, J.

[1] All further statutory citations are to the Penal Code.

years, after the court found he violated the terms of the negotiated disposition and his waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*). On appeal, his appellate counsel filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) By letter on May 5, 2014, we invited defendant to submit additional briefing.

Defendant has filed a letter brief and complains the court improperly found he violated the *Cruz* waiver and sentenced him to prison. We affirm.

## FACTS[2]

On September 4, 2013,[3] officers responded to defendant's residence based on a report of a domestic dispute between defendant and Danielle V. (Danielle). Danielle told the officers that defendant accused her of sleeping with another man, and they had an altercation in the bedroom. She did not ask for medical attention, but she wanted defendant arrested.

The officers arrested defendant, and he was placed in the backseat of the patrol car. While still at the scene, defendant tried to tell Danielle not to press charges. Defendant's brother arrived at the scene, and defendant told him to go and "talk" with Danielle. Several minutes later, Danielle approached the officers and said she did not want to press charges against defendant. However, the officers proceeded with the arrest based on her initial statements.

**Procedural History**

On September 6, a felony complaint was filed in the Superior Court of Kern County charging defendant with count I, dissuading a victim/witness of a crime; and count II, battery upon a cohabitant (§ 243, subd. (e)(1)).

---

[2] The following facts are from the probation report.

[3] All references to dates are to dates in 2013 unless otherwise indicated.

2.

On September 17, defendant pleaded no contest to count I, pursuant to a negotiated disposition for a two-year prison term. The execution of sentence was suspended, and he was placed on three years of formal probation. Defendant entered a *Cruz* waiver, which permitted his release on his own recognizance.[4] The court advised defendant the *Cruz* waiver was conditioned upon his contact with the probation department "tomorrow if at all possible and the day after at the worst."

Defendant was advised that if he did not comply with or violated the terms of the *Cruz* waiver, his sentence would no longer be suspended, and he would face up to three years in prison. "The sentence has already been imposed, and the judge would have no discretion whatsoever, and would simply have to say, 'Impose it. That's it.' " The court dismissed the remaining charge pursuant to a waiver under *People v. Harvey* (1979) 25 Cal.3d 754.[5]

**Violation of *Cruz* Waiver**

On October 15, the court found defendant violated the terms of his *Cruz* waiver because he had not appeared at the probation department until October 1. The court ordered him remanded for sentencing.

On December 12, the court conducted a hearing on the matter. The prosecution alleged two violations of the *Cruz* waiver: Defendant's failure to timely contact the probation officer and resisting an officer.

---

[4] A *Cruz* waiver allows a defendant to be released pending sentencing with the understanding that the trial court may impose a sentence greater than that bargained for if the defendant fails to appear for sentencing or otherwise violates the terms of his release. (*Cruz*, *supra*, 44 Cal.3d 1247, 1254, fn. 5; *People v. Masloski* (2001) 25 Cal.4th 1212, 1215, 1222–1223 (*Masloski*).)

[5] Under *People v. Harvey*, *supra*, 25 Cal.3d 754, the facts of charges dismissed in a plea bargain may not be used for purposes of aggravating or enhancing a defendant's sentence "in the absence of any contrary agreement." (*Id.* at p. 758.) A *Harvey* waiver allows the trial court to consider the facts of dismissed counts in sentencing.

*Failure to report to probation*

As for the probation issue, the prosecutor introduced an e-mail from Ms. Luna, the probation officer, where she stated that she told defendant he could report on September 27, and he did not report until October 1. Defense counsel did not object to the e-mail. The prosecutor argued defendant violated the *Cruz* waiver by his failure to timely contact the probation officer as ordered. Defendant did not substantially comply with the court's order because he had been out of custody for some time before he finally tried to contact the probation officer.

Defense counsel stated that defendant called Ms. Luna several times prior to his scheduled interview date of September 27. Counsel stated defendant was unable to report until October 1, because "the bus broke down, and he didn't make it. That's when he came to tell us he would get there as soon as he could."

*Resisting an officer*

As to the second allegation of resisting, the prosecution called Officer Bill Groves, who testified that on October 22, he observed defendant in Ridgecrest. Defendant was sitting outside with his two children. Groves believed there was a protective order to keep defendant away from his children. Groves checked with dispatch and verified the protective order was valid and correct. When defendant saw Officer Groves, he immediately stood up and walked away. Groves asked him to stop, but defendant kept walking. Defendant continued for about five steps, then reached down to the area of his right sock and shoe. He removed something and placed it in his mouth. Based on his training and experience, Groves believed defendant was destroying evidence.

Groves finally contacted defendant and asked him to open his mouth. Groves testified defendant spontaneously said that "it was a Lortab, and he told me it was a controlled substance, and he didn't have a prescription for it and what's why he swallowed it."

Defense counsel advised the court the protective order had actually been lifted at the time that Officer Groves saw defendant, and "all that remained was a no force or violence order," so that defendant was not committing a crime by being with his children.

### *The court's findings*

The court found defendant violated the terms of his *Cruz* waiver:

"[A]s I understand it the Cruz Waiver, when he's told we will release him but if he doesn't show up, he will get two years, that is part of the following the Cruz Waiver. He had an obligation to contact probation immediately. He did not do that.

"The document offered by Ms. Luna points out that she told him to report by September 27th. That's ten days after he was told to contact them, and I'm sure we told him to contact them a lot faster than that. For whatever reason he talked to her several times and he got a late date and didn't follow that. That's on him. That would be adequate grounds by itself to follow the Cruz Waiver and impose two years.

"As to his conduct with Officer Groves, I find Officer Groves' testimony completely credible. I find that arguing that we should consider [defendant] your standard layperson when it comes to law enforcement is probably not an appropriate way to think of him in this matter, and the real concern I have is not whether or not he swallowed something illegally, but he is certainly familiar with law enforcement, and when he is directed to come to law enforcement and he turns his back and walks away, that is resisting arrest. That is sufficient alone to say he failed to follow the spirit of the Cruz Waiver."

Defendant asked to address the court without being sworn and requested leniency because of family problems. The court replied that defendant had already received a very good opportunity but failed to take advantage of it. The court sentenced defendant to the midterm of two years for count I.

On January 3, 2014, defendant filed a timely notice of appeal. He did not seek or obtain a certificate of probable cause.

**DISCUSSION**

As noted above, defendant's counsel has filed a *Wende* brief with this court. In response to this court's notice, defendant filed a letter with this court and contends the court improperly found he violated the *Cruz* waiver and sentenced him to prison.

We first note that defendant challenges the sentence imposed pursuant to a negotiated disposition which involved a *Cruz* waiver. " '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause. [Citation.]" (*People v. Shelton* (2006) 37 Cal.4th 759, 766.) Defendant "negotiated" the penalty for his failure to surrender as part of the plea bargain, and his challenge to the negotiated penalty is a challenge to the validity of the plea. Thus, his claim requires a certificate of probable cause, which he has failed to obtain. (*Ibid.*)

In any event, defendant's challenge to the court's finding of his violation is meritless. A defendant who pleads guilty or no contest pursuant to a plea agreement (§ 1192.5) may waive the right to be sentenced pursuant to his plea agreement by a so-called *Cruz* waiver. (*Cruz, supra,* 44 Cal.3d at p. 1254, fn. 5; *Masloski, supra,* 25 Cal.4th at pp. 1219–1224.) The defendant may expressly waive his rights under section 1192.5 if he has been fully advised of those rights, the waiver is knowing and intelligent, and it is obtained at the time of the trial court's initial acceptance of the plea. (*Cruz, supra,* 44 Cal.4th at p. 1254, fn. 5.) Thus, the defendant can expressly agree to a greater sentence as a sanction for engaging in certain behavior as long as his waiver is part of the plea bargain itself. (*Masloski, supra,* 25 Cal.4th at pp. 1221–1222.) If he willfully engages in that behavior, he violates the *Cruz* waiver. (*Cruz, supra,* 44 Cal.3d at p. 1254, fn. 5.) "Willfully" means he knows what he is doing and intends to do it. (§ 7, subd. 1; *People v. Atkins* (2001) 25 Cal.4th 76, 85–86.)

"The question whether defendant violated the conditions of his release is one of fact, which we review under the substantial evidence test. 'When a trial court's factual

6.

determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether, *on the entire record,* there is substantial evidence, contradicted or uncontradicted, which will support the determination....' [Citation.] 'Deferential review is particularly necessary when, as here, the factual determination depends in part on judging a witness's credibility,' and we must uphold such a determination if it is supported by substantial evidence. [Citation.] 'We do not reweigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier of fact.' [Citation.]" (*People v. Rabanales* (2008) 168 Cal.App.4th 494, 509, italics in original.)

In his letter brief to the court, defendant states that he took the bus from Ridgecrest to Bakersfield on September 27, to meet with the probation officer. The bus broke down, and he was forced to return to Ridgecrest. Defendant states he immediately went to the Ridgecrest courthouse that same day, informed his attorney what happened, and his attorney advised the district attorney. Defendant states he called Ms. Luna, the probation officer, and assured her that he would report on the next bus, but the bus line only operated three days a week between Ridgecrest and Bakersfield. He had to wait until October 1, for the next bus, and reported that day.

At the hearing on his violation, defendant did not testify about his failure to appear, but defense counsel alluded to this reason when he addressed the prosecution's allegations. However, the court also heard Officer Groves's testimony about his encounter with defendant and found Groves credible.

The entirety of the record reflects the court did not find defendant credible when it concluded that he willfully violated the terms of his *Cruz* waiver as to both allegations, and the court's factual findings are supported by substantial evidence.

After further independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.